IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-231-BO

| | |
|---|---|
| TERESA WILLIAMS,<br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>*Acting Commissioner of Social Security*,[1]<br>Defendant. | )<br>)<br>)<br>)   O R D E R<br>)<br>)<br>)<br>)<br>) |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 17, 20]. A hearing was held on these matters before the undersigned on June 24, 2022, at Elizabeth City, North Carolina.[2] For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff protectively filed her application in September 2019 alleging disability beginning January 27, 2019. After initial denials, plaintiff proceeded to a telephonic hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

In 2009, plaintiff underwent a lumbar fusion at L4-L5. In late 2018, plaintiff began complaining to her physician about knee pain, stiffness, and difficulty walking. An MRI

---
[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Counsel appeared via videoconference.

revealed end-stage arthritis in her knee with bone-on-bone deformity. Plaintiff underwent a total knee replacement in February 2019. Shortly following her knee replacement, plaintiff began to complain of lower back pain and within several months of her knee surgery began to complain again of knee pain. An MRI of plaintiff's back in May 2019 revealed an extramural lesion and moderate effacement of the thecal sac at L3-L4. Plaintiff was diagnosed with post-laminectomy syndrome, lumber spondylosis, lumbar stenosis, and lumbar disc herniation.

Plaintiff received four epidural injections to control her lumbar pain. Plaintiff's medication regimen included Tramadol and later Nucynta, Lyrica, and Soma, as well as a recommendation from her pain management specialist for long-acting opioids. Plaintiff told her treatment providers that her pain affected her social and functional activities. Plaintiff testified at the hearing before the ALJ that she had constant, radiating pain that with medication is at 7/10 level on the pain scale. Plaintiff further testified that she uses a cane because of the pain in her left leg and is worried about falls.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age,

education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff had not engaged in substantial gainful activity since her alleged onset date and met the insured status requirements through December 31, 2024, at step one, the ALJ found at step two that plaintiff had severe impairments – degenerative disc disease, status post L4-5 fusion, left knee osteoarthritis, and status post left knee arthroplasty – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ made an RFC finding that plaintiff could perform light work with several exertional limitations. The ALJ found at step four that plaintiff could perform her past relevant work as an administrative clerk and salesperson. The ALJ also found, alternatively, that at step five there were jobs that exist in significant numbers which plaintiff could perform, including information clerk, ticket taker, and office helper. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). Where, as here, the evidence presents a medically determinable impairment which could produce a claimant's symptoms, 20 C.F.R. § 404.1529(b), a social security claimant can rely on subjective evidence to demonstrate that her symptoms were so continuous or severe that they would prevent her from working on a regular and continuing basis. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020) (internal quotations, alterations and citation omitted). Here, the record demonstrates that plaintiff's limitations from pain would prevent work on an ongoing and continuous basis.

4

The ALJ determined that plaintiff's medically determinable impairments could be expected to cause plaintiff's alleged symptoms, but that plaintiff's statements about the limiting effects, intensity, and persistence of her symptoms were not entirely consistent with the evidence, specifically because the ALJ determined that plaintiff did not complain of the same level of dysfunction to her physicians as she claimed during the hearing. Tr. 21.

After reciting the medical evidence, the ALJ concluded that plaintiff had good response to epidural steroid injections and good response to aqua therapy and medications. Tr. 25. But the ALJ's conclusion is not based on substantial evidence in the record. As the ALJ appeared to recognize, the last epidural injection was "only 20 percent helpful" and the doctor did not recommend any further injections. Tr. 25. The logical inference from this statement is that, while epidural injections may have provided plaintiff was some relief previously, they no longer did, and thus are not properly cited to contradict plaintiff's subjective statements regarding her pain.

The record further does not support the ALJ's conclusion that plaintiff had a good response to medication. While there is evidence which supports that plaintiff received benefit from medication, there is further evidence which supports that medication was not adequately controlling plaintiff's pain. As recently as January 2020, plaintiff's pain management specialist indicated that plaintiff would be started on medication for neuropathic pain/radiculopathy as well as adding a long-acting opioid (LAO) "for better control of baseline pain." Tr 612. While aqua therapy was beneficial for plaintiff's knee pain, it did not address her lumbar pain. Tr. 609. Moreover, in May 2019, following her knee replacement surgery, plaintiff continued to complain of 7/10 knee pain. Tr. 335.

In sum, substantial evidence does support the ALJ's conclusion that the record does not support plaintiff's alleged limitations resulting from her pain. Application of the proper legal

5

standard results in a determination that plaintiff's ongoing pain would prevent her from working eight hours per day, five days per week. Plaintiff's treating provider opined that plaintiff's pain interferes with her ability to concentrate, that her medications cause dizziness and drowsiness, and that plaintiff is unable to handle work-related stress. Tr. 703. Plaintiff testified that her pain is constant and that it is controlled only somewhat with medication. Tr. 51-52.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Here, the Court determines that reversal is appropriate on this record for the reasons outlined above and because remand to reopen the record would serve no purpose.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ failed to apply the correct legal standard and the decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 20] is DENIED. The decision of the Commissioner is REVERSED and the matter is remanded for an award of benefits in accordance with the foregoing.

SO ORDERED, this 13 day of July 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE